# EXHIBIT "A"

SUPREME COURT
STATE OF NEW YORK         COUNTY OF ONONDAGA

---

O'BRIEN & GERE LIMITED

        Plaintiff,

v.

BUSINESS SOFTWARE ALLIANCE

        Defendant.

---

Plaintiff designates
Onondaga County
as the Place of Trial

The basis of Venue is:
*residence of the Plaintiff*

**SUMMONS**

Plaintiff resides at
5000 Brittonfield Parkway
East Syracuse, NY 13057

To the above named Defendant(s)

    ***YOU ARE HEREBY SUMMONED*** *to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.*

Dated: August 8, 2007

Defendant's Address:
1150 18th Street, N.W.
Suite 700
Washington, D.C. 20036

FRANK A. BERSANI, JR., ESQ.
*Attorney for Plaintiff*
*Office and P.O. Address*
*224 Harrison Street*
*306 Syracuse Building*
*Syracuse, New York 13202*
*Phone (315) 478-0560*

NOTICE: The nature of this action is as stated in the Complaint.

The relief sought is as stated in the Complaint.

SUPREME COURT
STATE OF NEW YORK         COUNTY OF ONONDAGA

---

O'BRIEN & GERE LIMITED

                        Plaintiff,                              COMPLAINT

v.                                                                   Index No.:

BUSINESS SOFTWARE ALLIANCE

                        Defendant.

---

      Plaintiff O'Brien & Gere Limited, as and for their Complaint, by and through its attorney, Frank A. Bersani, Jr., Esq., hereby alleges as follows:

      1.     The Plaintiff O'Brien & Gere Limited is and was at all times hereinafter mentioned a corporation organized and existing pursuant to the laws of the State of New York with a principal place for the transaction of the business located in the County of Onondaga.

      2.     Upon information and belief, at all times hereinafter mentioned, the Defendant Business Software Alliance is a business entity organized and existing in a foreign state but transacting business within the State of New York, including transactions which are the subject of this action.

      3.     Upon information and belief, the Defendant is owned by or has as it members thirteen companies which design, create and distribute computer software, which companies are identified in a letter from the attorney for the Defendant dated August 3, 2007, a copy of which is annexed hereto as Exhibit A and which is incorporated herein.

1

4. The Defendant, through its attorneys, has persisted in making unwarranted, unauthorized and harassing demands upon the Plaintiff such as reflected in Exhibit A herein.

5. Upon information and belief, the Defendant, purporting to represent thirteen different companies, and has demanded, without any legal basis or authority, certain information from the Plaintiff which is privileged and confidential and additionally which would be burdensome upon the Plaintiff to produce.

6. The Defendant's initial contact with the Plaintiff was in a letter of June 13, 2007, copy being annexed hereto as Exhibit B.

7. By letter of July 23, 2007, the Plaintiff through its attorney, responded in full to the Defendant's request for information, copy of the letter being annexed hereto as Exhibit C.

8. Thereafter, without offering any factual or legal basis whatsoever for its continued request, the Defendant issued its letter of August 3, 2007, that being Exhibit A hereto.

9. Upon information and belief, the Defendant has no legal authority or basis to cause the Plaintiff to engage in burdensome or time consuming audits of its software licensing and usage information nor to invade a confidential and proprietary area of the Plaintiff's business operations.

10. Upon information and belief, there is no adequate remedy at law to the Plaintiff.

**WHEREFORE**, Plaintiff O'Brien & Gere Limited hereby demands judgment from this Honorable Court granting a declaratory judgment to the Plaintiff that the Plaintiff need not respond to the demands of the Defendant Business Software Alliance as set forth in the exhibits to this Complaint and further that the Defendant shall be restrained from further similar demands upon the Plaintiff and that the Plaintiff shall be granted the costs and disbursements of this

2

action, including reasonable attorney's fees, together with such other and further relief as the Court deems just and proper.

Dated: August 8, 2007

_____
Frank A. Bersani, Jr., Esq.
Attorney for Plaintiff O'Brien & Gere Limited
306 Syracuse Building
224 Harrison Street
Syracuse, New York 13202
Tel: (315) 478-0560

**Exhibit A**

# Pepper Hamilton LLP
##### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Julia C. Allen
direct dial: 215.981.4339
direct fax: 215.359.1938
allenjc@pepperlaw.com

August 3, 2007

*Via Email and First Class Mail*

Frank A. Bersani, Jr., Esq.
306 Syracuse Building
224 Harrison Street
Syracuse, NY 13202

Re:   **Business Software Alliance - O'Brien & Gere**

Dear Mr. Bersani:

I am in receipt of your letter dated July 23, 2007. Thank you for your prompt response. From this point forward, you may direct all future correspondence to my attention.

I appreciate that your client has already conducted an internal audit with Microsoft in the past. Although Microsoft is one of the Business Software Alliance's ("BSA") members, our audit request is separate and distinct from Microsoft and includes companies other than Microsoft, including Adobe Systems Incorporated, Apple Computer, Inc., Autodesk, Inc., Avid Technology, Inc., Bentley Systems Incorporated, Borland Software Corporation, CNC Software, Inc., McAfee, Inc., Parametric Technology Corporation, Solidworks Corporation, Sybase, Inc., The MathWorks, and UGS Corporation. Although we received information that your client had installed on its system more copies of Microsoft software than was authorized, an audit for the BSA is an audit of all software products and fonts published by the software companies whose interests are represented by the BSA, not just Microsoft.

Further, we cannot rely on the results from the Microsoft audit, where that audit occurred almost two years ago and the information received by the BSA is based on current installations, not the installations on your client's computers in 2005.

Finally, the BSA has received what it believes to be credible information regarding your client's compliance status. It is therefore not only BSA's obligation to its

Frank A. Bersani, Jr., Esq.
Page 2
August 3, 2007

members to investigate, but BSA has received specific approval from its members to do so. Based on your representations on behalf of your client, it should not prove to be burdensome for your client to provide the requested information. If your client has already conducted an audit, then the task is partially completed and it only needs to be updated and supplemented with more recent Microsoft documentation and with the licensing documentation of the other software companies represented by BSA.

As you noted in your letter, your client has had software compliance issues in the past. Therefore, it should conduct this audit not only in response to our request, but also as a matter of good business practice.

I look forward to receiving confirmation from you by **August 10, 2007**, that your client intends to fully cooperate in this matter.

Sincerely,

Julia C. Allen

Cc: M. Kelly Tillery, Esq.

**Exhibit B**

# Pepper Hamilton LLP
### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

M. Kelly Tillery
direct dial: 215.981.4401
direct fax: 215.981.4750
tilleryk@pepperlaw.com

June 13, 2007

*Via Overnight Courier*

Mr. Terry L. Brown
CEO and Chairman of the Board
O'Brien & Gere
5000 Brittonfield Parkway
East Syracuse, NY 13057

Re:   Business Software Alliance - OBrien & Gere

Dear Mr. Brown:

      This firm represents the Business Software Alliance (the "BSA") in connection with its investigation of possible instances of illegal duplication of certain software companies' proprietary software products. The BSA represents the interests of Adobe Systems Incorporated, Apple Computer, Inc., Autodesk, Inc., Avid Technology, Inc., Bentley Systems Incorporated, Borland Software Corporation, CNC Software, Inc., McAfee, Inc., Microsoft Corporation, Parametric Technology Corporation, Solidworks Corporation, Sybase, Inc., The MathWorks, and UGS Corporation. Through the BSA, these companies work to ensure that organizations are using those computer software products in compliance with federal copyright laws.

      We recently have been advised that O'Brien & Gere has installed on its computers more copies of Microsoft Excel, Microsoft Outlook, Microsoft PowerPoint and Microsoft Word software than it is licensed to use.

      Unauthorized duplication of computer software products constitutes copyright infringement. The Copyright Act (17 U.S.C. § 101 *et seq.*) provides that copyright owners may recover actual damages or statutory damages. In cases where the infringement is willful statutory damages can reach $150,000 for each copyrighted product that has been infringed. The copyright owner can also seek its attorney's fees.

**Pepper Hamilton LLP**

Mr. Terry L. Brown
Page 2
June 13, 2007

However, BSA member companies have determined that litigation may not be necessary in this case, especially as senior management may not have had an opportunity to investigate or consider the ramifications of using unlicensed software. The BSA member companies instead wish to resolve this matter amicably by providing O'Brien & Gere with an opportunity to conduct its own company-wide investigation. To take advantage of this opportunity, O'Brien & Gere's investigation must include an audit of all of the software published by BSA members (*see above*) on all of its computers and a review of the software licenses and proofs of purchase for those licenses.

Please understand that while we are contacting you in an effort to avoid litigation, the BSA member companies are not waiving their right to litigate to protect their copyrights if this effort is not successful. If formal action is to be avoided, we must insist that you contact us by **June 26, 2007**. At that time we will provide you with specific guidance on how to conduct your audit.

In addition, please <u>do not destroy</u> or replace any copies of any of the computer software products published by the above-mentioned companies that are currently installed on O'Brien & Gere's computers. The software programs installed on O'Brien & Gere's computers are evidence and therefore must be preserved in case this matter does proceed to litigation. In the meantime, you should not attempt to enter into any negotiations with sales representatives of these companies to purchase computer software products prior to the resolution of this matter. <u>Purchasing or deleting software at this point will not remedy past unauthorized installation or use, will not conclude our investigation, and may prejudice our ability to reach a mutually satisfactory resolution of this matter.</u>

We look forward to your cooperation.

Sincerely,

M. Kelly Tillery

MKT/cj

#8621659 v1

**Exhibit C**

# FRANK A. BERSANI, JR.
ATTORNEY AND COUNSELOR AT LAW

306 SYRACUSE BUILDING
224 HARRISON STREET
SYRACUSE, NEW YORK 13202

TELEPHONE (315) 478-0560
FAX (315) 478-0204
fbersanijr@aol.com

Ryan L. Abel, Associate

July 23, 2007

M. Kelly Tillery, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
Eighteeenth and Arch Streets
Philadelphia, PA 19103-2799

### RE: BUSINESS SOFTWARE ALLIANCE - O'BRIEN & GERE

Dear Mr. Tillery:

Please be advised that I represent O'Brien & Gere in the above matter. This will respond your letter of June 13, 2007 on behalf of BSA in regard to allegations of Software License Infringement by O'Brien & Gere.

The said allegations specifically refer to Microsoft Office products and unauthorized duplication of those products.

In the fall of 2005, O'Brien & Gere responded to a request from Microsoft to discuss Microsoft's Software Asset Management (SAM) program. After the initial conference call/demo, it was determined that the product was not a fit for O'Brien & Gere and a decision was made not to purchase it. It was also noted at that time that O'Brien & Gere is not a "Microsoft shop" but instead uses Novell products for its GroupWare and network/server operating systems. Please note that O'Brien & Gere does not use Microsoft Outlook - it standardizes on Novell GroupWise, a competing product. Subsequently, an audit was determined to be necessary and resulted in months of time and effort spent by IT staff and management of O'Brien & Gere to respond to Mr. Alan Elie of Microsoft.

The main Microsoft application in use by O'Brien & Gere is the Office 97 desktop suite (Word, Excel, PowerPoint), which per the letter dated June 13, 2007 are the products (along with Microsoft Outlook) whose licensing is in question by the BSA on behalf of Microsoft.

The situation concluded toward the end of November 2005, still with a discrepancy between O'Brien & Gere and Microsoft, which relied on pulling together records from several different

M. Kelly Tillery
Page 2
July 23, 2007

resellers that O'Brien & Gere used over the years. In an effort to resolve the situation, O'Brien & Gere purchased 60 licenses of the Office Suite and provided documentation to Microsoft of its licenses. The audit was completed in November 2005 and O'Brien & Gere was vindicated as to the software licensing accusations.

This most recent allegation in your letter is inappropriate and again has forced O'Brien & Gere to waste valuable time auditing software licenses. O'Brien & Gere still to this date does not use Microsoft Outlook and its Licenses of Basic Office 97 are in order. Furthermore, its licenses of other BSA represented products such as Autodesk, Bentley and Adobe are also in order. We find the allegation in your letter most disturbing since O'Brien & Gere was cleared of allegations in this regard only 18 months ago by Microsoft.

We do apologize for not responding to your letter earlier but based on the history set forth herein, we believe you will understand the frustration of my client at having to expend yet further time on this issue. Please contact me with any questions.

Very truly yours,

FRANK A. BERSANI, JR., ESQ.

FABJ/am

cc:   Joseph M. McNulty, CFO