# EXHIBIT "B"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ONONDAGA**
-------------------------------------------------------------------X

**O'BRIEN & GERE LIMITED**                                            :
                                                                     :     **Index No.: 07/4999**
       **Plaintiff,**                                          :
                                                                     :     **NOTICE OF**
       -against-                                             :     **MOTION TO**
                                                                     :     **DISMISS AND FOR**
**BUSINESS SOFTWARE ALLIANCE,**                                      :     **SANCTIONS**
                                                                     :
       **Defendant.**                                        :
                                                                     :
-------------------------------------------------------------------X

PLEASE TAKE NOTICE that, upon the Affidavit of Kenneth J. King, Esquire,

sworn to on September 18, 2007, the Exhibits thereto, the accompanying Memorandum

of Law, and all of the prior pleadings and proceedings herein, Defendant Business

Software Alliance will move this Court, at 9:30 am on October 10, 2007 or as soon

thereafter as counsel can be heard, for an Order:

       a.      Pursuant to Rule 3211 of the New York Civil Practice Law and

Rules, dismissing the Complaint with prejudice;

       b.      Pursuant to the Official Compilation of the Rules and Regulations

of the State of New York Section 130-1.1, awarding Defendant costs and attorneys' fees

and imposing financial sanctions on Plaintiff and Plaintiff's Counsel; and

       c.      For such other and further relief as the Court may deem just and

proper.

PLEASE TAKE FURTHER NOTICE, that pursuant to Rule 2214(b) of the New

York Civil Practice Law and Rules, you are hereby required to serve copies of your

answering affidavits on the undersigned no later than the seventh day prior to the date set

forth above for the submission of this motion.

Dated: New York, New York
       September 18, 2007

                                                    Respectfully submitted,

                                                    _____
                                                    Kenneth J. King, Esq.
                                                    Suzanne M. D'Amico, Esq.
                                                    Pepper Hamilton LLP
                                                    The New York Times
                                                    Building
                                                    37th Floor
                                                    620 Eighth Avenue
                                                    New York, NY 10018-1405
                                                    (212) 808-2700

                                                    And

                                                    OF COUNSEL:
                                                    M. Kelly Tillery, Esq.*
                                                    Julia C. Allen, Esq.*
                                                    Pepper Hamilton LLP
                                                    3000 Two Logan Square
                                                    Eighteenth and Arch Streets
                                                    Philadelphia, PA 19103
                                                    (215) 981-4000

                                                    Attorneys for Defendant BSA
                                                    BUSINESS SOFTWARE
                                                    ALLIANCE, INC.

TO:        Frank A. Bersani, Jr., Esq.
           224 Harrison Street
           306 Syracuse Building
           Syracuse, New York 13202
           Attorney for Plaintiff
           O'BRIEN & GERE LIMITED

---

\* Counsel for Defendant BSA Business Software Alliance, Inc., M. Kelly Tillery and Julia C. Allen are not
admitted in New York, but a Motion for Pro Hac Vice admission will be filed.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
------------------------------------------------------------------X

**O'BRIEN & GERE LIMITED**                      :

     **Plaintiff,**                      :  **Index No.: 07/4999**

                            :

     **-against-**                      :

                            :

**BUSINESS SOFTWARE ALLIANCE,**                      :

     **Defendant.**                      :

                            :
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY DEFENDANT TO DISMISS THE COMPLAINT AND FOR SANCTIONS

OF COUNSEL:
M. Kelly Tillery, Esq.
Julia C. Allen, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103

Kenneth J. King, Esq.
Pepper Hamilton LLP
The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10170-2399
(212) 808-2700

Attorneys for Defendant BSA
BUSINESS SOFTWARE
ALLIANCE, INC., a/k/a Business
Software Alliance

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

      A.    REASONS FOR DISMISSAL ................................................................ 2

      B.    REASONS FOR GRANTING SANCTIONS ........................................ 2

II.    STATEMENT OF FACTS ................................................................................... 2

III.    ARGUMENT ....................................................................................................... 5

      A.    THERE IS NO JUSTICIABLE CONTROVERSY BETWEEN THE
            PARTIES ................................................................................................ 5

            1.    PLAINTIFF'S CLAIMS ........................................................... 7

            2.    DEFENDANT'S POSITION ..................................................... 7

      B.    PLAINTIFF'S COMPLAINT ALSO FAILS TO STATE A CAUSE OF
            ACTION ................................................................................................. 9

      C.    PLAINTIFF'S CLAIM IS MOOT SINCE THERE IS NO GENUINE
            DISPUTE BETWEEN THE PARTIES .................................................. 9

      D.    DEFENDANT IS ENTITLED TO COSTS AND ATTORNEYS' FEES
            AND THE COURT SHOULD IMPOSE ADDITIONAL FINANCIAL
            SANCTIONS AND ATTORNEYS' FEES AGAINST PLAINTIFF AND
            PLAINTIFF'S COUNSEL ................................................................... 10

IV.    CONCLUSION .................................................................................................. 13

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Aetna Life Insurance Co. v Haworth*, 300 U.S. 227, 57 S. Ct. 461, 81 L. Ed. 617 (1937)..............6

*Becher v. Becher*, 245 A.D.2d 408, 667 N.Y.S.2d 50 (2d Dep't 1997) ...........................................9

*Jacob Goodman & Co., Inc. v. New York Telephone Co.*, 309 N.Y. 258, 128 N.E.2d 406
(N.Y. 1955)....................................................................................................................................8

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S. Ct. 510, 85 L. Ed.
826 (1941)......................................................................................................................................7

*Mascia v. Maresco*, 2007 NY S 39 A.D.3d 504, 833 N.Y.S.2d 207 (2d Dep't 2007) .................11

*Nasa Auto Supplies, Inc. v. 319 Main St. Corp.*, 133 A.D.2d 265, 519 N.Y.S.2d 54 (2d
Dep't 1987)....................................................................................................................................9

*New York State Association of Insurance Agents v Schenck*, 44 A.D.2d 757, 354
N.Y.S.2d 232 (4th Dep't 1974)......................................................................................................8

*Rozenweig v. N.Y. State Surrogate's Court*, 44 Misc. 2d 1013, 255 N.Y.S.2d 618 (N.Y.
Sup. Ct. 1965)................................................................................................................................8

*Matter of Schulz v. State of New York*, 182 A.D.2d 3, 587 N.Y.S.2d 444 (3d Dep't 1992),
*appeal dismissed*, 80 N.Y.2d 924, 602 N.E.2d 1126, 589 N.Y.S.2d 310 (N.Y. 1992),
*appeal denied*, 80 N.Y.2d 761, 607 N.E.2d 817, 592 N.Y.S.2d 670 (N.Y. 1992) ...................9

*Town of Hardenburgh v. State of New York*, 99 Misc. 2d 1036, 418 N.Y.S.2d 503 (N.Y.
Sup. Ct. 1979), *modified*, 72 A.D.2d 192, 424 N.Y.S.2d 531 (3d Dep't 1980),
*modified*, 52 N.Y.2d 536, 421 N.E.2d 795, 439 N.Y.S.2d 303 (1981), *appeal
dismissed*, 454 U.S. 958, 102 S. Ct. 496, 70 L. Ed. 2d 374 (1981). .........................................6

*Vartanian v. Research Foundation of State University of N.Y.*, 227 A.D.2d 744, 642
N.Y.S.2d 726 (3d Dep't 1996)........................................................................................................9

*Vasquez v. Vasquez*, 175 Misc. 2d 847, 670 N.Y.S.2d 740 (N.Y. Sup. Ct. 1998)........................12

*Watson v. Aetna Casualty & Surety Co.*, 246 A.D.2d 57, 675 N.Y.S.2d 367 (2d Dep't
1998)................................................................................................................................................6

*Yenom Corp. v. 155 Wooster Street Inc.*, 2006 NY Slip Op 5732, 33 A.D.3d 67, 818
N.Y.S.2d 210 (1st Dep't 2006) .....................................................................................................11

**Page(s)**

## STATUTES

28 U.S.C. § 2201 ...................................................................................................6

22 N.Y.C.R.R. § 130-1.1 ................................................................................1, 10, 12

N.Y. C.P.L.R. § 3001 ..............................................................................................5

N.Y. C.P.L.R. § 3211 ..........................................................................................1, 5, 6, 9

Defendant BSA BUSINESS SOFTWARE ALLIANCE, INC., a/k/a BUSINESS SOFTWARE ALLIANCE ("BSA" or "Defendant") by and through its undersigned Counsel, Pepper Hamilton LLP, hereby respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint filed by Plaintiff O'BRIEN & GERE LIMITED ("O'Brien" or "Plaintiff").

For the reasons set forth below, this action should be dismissed pursuant to N.Y. C.P.L.R. § 3211 since there exists no actual controversy between Plaintiff and Defendant. Defendant also requests that the Court award Defendant costs and attorneys' fees and impose financial sanctions on both Plaintiff and Plaintiff's Counsel pursuant to 22 N.Y.C.R.R. § 130-1.1 due to their frivolous conduct in filing and maintaining the Complaint.

## I.    INTRODUCTION

BSA, a software industry trade group, through its Counsel, by letter, contacted O'Brien to request that it take part in a voluntary audit of the software installed on its computers, in response to a report received by BSA that some of Plaintiff's BSA-member software was unlicensed. *See* Exhibit "A". In response, Plaintiff stated that BSA's allegations were without merit and that it did not have to engage in an audit, as it had previously done so in response to a request by Microsoft Corporation ("Microsoft"), a BSA member, which was allegedly resolved in 2005. *See* Exhibit "B". Shortly thereafter, Defendant again requested that Plaintiff comply with its audit request, specifically noting that BSA's information was in connection with current Microsoft and other BSA-member software installations, not only the Microsoft software installations from two years past. *See* Exhibit "C". In response, Plaintiff filed the instant action, which Defendant herein moves to dismiss.

**A.    REASONS FOR DISMISSAL**

Plaintiff's Complaint should be dismissed for the following three (3) reasons:

1.    There is no genuine dispute, or actual controversy, between the parties;

2.    Plaintiff's Complaint fails to state a cause of action upon which relief can be granted; and

3.    The matter is moot.

**B.    REASONS FOR GRANTING SANCTIONS**

Due to the frivolous conduct of Plaintiff and Plaintiff's Counsel in filing and maintaining this action, this Court should award costs and attorneys' fees to Defendant and, in addition, this Court should impose financial sanctions against Plaintiff and Plaintiff's Counsel for the following two (2) reasons:

1.    Plaintiff's claim is completely without legal merit; and

2.    Plaintiff's claim was undertaken and maintained primarily to harass Defendant and deter Defendant from pursuing legitimate claims for Copyright Infringement.

**II.    STATEMENT OF FACTS**

Defendant, the Business Software Alliance[1], is a trade organization which represents the interests of commercial software and hardware companies, whose members include such companies as Adobe Systems Incorporated, Apple Inc., Autodesk, Inc., Avid Technology, Inc., Bentley Systems, Incorporated, Borland Software Corporation, CA, Inc., Cadence Design Systems, Inc., Cisco Systems, Inc., CNC Software, Inc., Dell Inc., EMC

---

[1] Contrary to the caption and Paragraph 2 of Plaintiff's Complaint, Defendant's formal name is BSA Business Software Alliance, Inc., but it is also known as BSA and/or Business Software Alliance.

Corporation, Entrust, Inc., Hewlett-Packard Company, International Business Machines Corp., Intel Corporation, McAfee, Inc., Microsoft Corporation, Monotype Imaging Holdings, Inc., Parametric Technology Corporation, SAP America, Inc., SolidWorks Corporation, Sybase Inc., Symantec Corporation, Synopsys, Inc., The MathWorks, Inc. and UGS Corp., among others.  In addition to various educational and policy-oriented activities, the BSA operates telephone hotlines and online web-reporting forms for people who wish to report suspected incidents of software piracy and infringement. BSA investigates these reported claims and, if they are deemed credible, will either work towards an out-of-court resolution of the matter with the person or entity reported or take legal action whether by filing a civil lawsuit or by working with law enforcement agencies to coordinate enforcement of criminal copyright laws. BSA's enforcement program has been instrumental in bringing thousands of organizations into software compliance, closing down pirate Internet sites, and stopping the illegal sale of pirated software through Internet auction sites and pirated software retail outlets, and seizing illegal CD presses. All money collected from settlements earned in connection with the enforcement program is used to fund the organization's education, enforcement, and policy programs.

On June 13, 2007, BSA, through its legal Counsel, contacted Plaintiff in response to a report received by BSA regarding the use of infringing BSA-member software by Plaintiff. *See* Exhibit "A".  In its letter to Plaintiff, BSA's Counsel requested that Plaintiff conduct a voluntary audit of all of its computers in an effort to determine whether it had installed unauthorized BSA-member software on its systems, all the while noting that such an undertaking was in an effort to avoid litigation between the parties. *Id.*  In Plaintiff's Counsel's response, dated July 23, 2007, he stated that Plaintiff would not cooperate and conduct an audit where the allegations were without merit, Plaintiff was not using any illegitimate software, and that it had

already resolved a case with Microsoft in 2005. *See* Exhibit "B". BSA was aware of this prior audit by Microsoft, however, where the audit occurred two years prior and the reports received by BSA alleged <u>current</u> infringing software installations, BSA did not believe that its claims against Plaintiff were moot. Therefore, BSA's Counsel again requested, via letter dated August 3, 2007, that Plaintiff cooperate with BSA and conduct a voluntary internal audit of its computer systems, in an effort to avoid litigation. *See* Exhibit "C".

Shortly after Plaintiff's receipt of BSA's Counsel's August 3 letter, Plaintiff filed the instant Complaint, seeking a Declaratory Judgment from the Court that it did not have to comply with BSA's "demands" that it conduct an internal audit of its computer systems. *See* Plaintiff's Complaint. Plaintiff's Counsel sent a copy of the Summons and Complaint to Defendant's Counsel, stating that his client instructed him to commence legal action, "[r]ather than defer to your arbitrary demands" and requested that Defendant's Counsel accept service on behalf of BSA. *See* Exhibit "D".

On August 16, 2007, Defendant's Counsel responded by stating that Defendant would not accept service. *See* Exhibit "E". Defendant's Counsel also pointed out to Plaintiff that its Complaint

> . . . seeks relief *with which we do not disagree*. We have never contended, nor would we, that your client or you are under any present legal obligation to respond to our inquiries . . . Under these circumstances, I respectfully request that you dismiss the above-referenced action and provide a copy of the dismissal papers. *Id.* (emphasis added).

BSA was served on August 21, 2007 at its offices in Washington, D.C. The next day, Defendant's Counsel <u>again</u> wrote Plaintiff requesting that it dismiss the Complaint for the reasons set forth in its prior letter, primarily that there was no dispute between the parties. *See* Exhibit "F". Defendant's Counsel noted that if the Complaint were not dismissed, BSA would

have no alternative but to move for dismissal and sanctions. *Id.* Defendant's Counsel put Plaintiff on notice that the cost of preparing and filing such motions could cost approximately $7,500, which Defendant would be forced to ask the Court to order Plaintiff to pay in connection with the dismissal of "this frivolous Complaint." *Id.*

Plaintiff's Counsel responded on August 24, 2007, stating that a Stipulation and Order would be the appropriate remedy, rather than a dismissal of the Complaint where Plaintiff did "not wish to discontinue the action and then later have an action or claim brought against my client asserting that it did not provide information to your firm based upon your firm's demand and that my client is liable in some manner as a result." *See* Exhibit "G". In response to this proposal, BSA's Counsel advised Plaintiff that its request for the <u>new</u> relief of a Stipulation stating that BSA will, effectively, release its members' claims against O'Brien, was unacceptable where this relief was not demanded in Plaintiff's Complaint. *See* Exhibit "H". Consequently, Defendant's Counsel reiterated that dismissal was the only appropriate course of action where there was no controversy between the parties. *Id.*

In the final correspondence between the Plaintiff and Defendant before the filing of this Motion, Plaintiff's Counsel asserted that it could not dismiss the action where a dismissal only occurs upon an Order of the Court and a discontinuance of the action would "not [be] appropriate under the circumstances." *See* Exhibit "I".

III.   **ARGUMENT**

A.   **THERE IS NO JUSTICIABLE CONTROVERSY BETWEEN THE PARTIES**

Pursuant to N.Y. C.P.L.R. § 3001, the Supreme Court may render a declaratory judgment where it pertains to the rights and other legal relations of the parties to a "justiciable controversy." N.Y. C.P.L.R. § 3001 (Consol. 2007). "Justiciable controversy", as set forth in

N.Y. C.P.L.R. § 3001, represents a codification of prior statements by the Court of Appeals that there is a constitutional requirement of an "'actual controversy between adverse parties, and that the courts are not empowered to render advisory opinions, or determine abstract, moot or academic questions.'" *Town of Hardenburgh v. State of New York*, 99 Misc. 2d 1036, 1038 418 N.Y.S.2d 503, 505 (N.Y. Sup. Ct. 1979) (*quoting* 3 Weinstein-Korn-Miller, N.Y. Civ. Prac., para. 3001.03), *modified*, 72 A.D.2d 192, 424 N.Y.S.2d 531 (3d Dep't 1980), *modified*, 52 N.Y.2d 536, 421 N.E.2d 795, 439 N.Y.S.2d 303 (1981), *appeal dismissed*, 454 U.S. 958, 102 S. Ct. 496, 70 L. Ed. 2d 374 (1981). A genuine dispute, or "actual controversy", is necessary for a declaratory judgment. *Watson v. Aetna Casualty & Surety Co.*, 246 A.D.2d 57, 62, 675 N.Y.S.2d 367, 370 (2d Dep't 1998). The controversy must be definite and concrete, "touching the legal relations of parties having adverse legal interests" and it must be real and substantial, requiring specific relief through a conclusive decree, as distinguished from an advisory opinion as to what the law would be based upon hypothetical facts. *Aetna Life Ins. Co. v Haworth*, 300 U.S. 227, 240-41, 57 S. Ct. 461, 464, 81 L. Ed. 617, 621 (1937). As the Supreme Court noted in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*:

> The difference between an abstract question and a 'controversy'
> contemplated by the Declaratory Judgment Act[2] is necessarily one
> of degree, and it would be difficult, if it would be possible, to
> fashion a precise test for determining in every case whether there is
> such a controversy. Basically, the question in each case is whether
> the facts alleged, under all the circumstances, show that there is a
> substantial controversy, between parties having adverse legal
> interests, of sufficient immediacy and reality to warrant the
> issuance of a declaratory judgment. Thus the fundamental test is
> whether the plaintiff seeks merely advice or whether a real

---

[2] Although it was adopted later than the comparable New York statute, it is helpful to consider the Federal Declaratory Judgment Act and related case law where it is strikingly similar to New York's statute and states: "[i]n a case of *actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(emphasis added).

question of conflicting legal interests is presented for judicial determination. 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826, 828-29 (1941).

### 1.    PLAINTIFF'S CLAIMS

Plaintiff states in its Complaint that BSA has "no legal authority or basis to cause the Plaintiff to engage in burdensome or time consuming audits of its software licensing and usage information nor to invade a confidential and proprietary area of the Plaintiff's business operations". Plaintiff's Complaint, ¶ 9. Therefore, Plaintiff requests that the Court declare that BSA be restrained from making further similar demands. *Id.*

### 2.    DEFENDANT'S POSITION

Defendant does not disagree with the allegations of Paragraph 9 of the Complaint. BSA never required an audit from Plaintiff, nor claimed any legal authority or basis to do so. BSA also never claimed any legal authority or basis which would require Plaintiff to respond to its correspondence.  BSA, as is evident in its two pre-complaint letters, only requested that O'Brien conduct an audit, and made such requests merely in an effort to avoid litigation. *See* Page 2, Exhibit "A" ("The BSA member companies instead wish to resolve this matter amicably by providing O'Brien & Gere with an *opportunity* to conduct its own company-wide investigation.") (emphasis added); *see also* Page 2, Exhibit "C" ("it should conduct this audit not only in response to our *request*, but also as a matter of good business practice") (emphasis added).  These audit requests were, quite simply, settlement discussions. BSA cannot settle its members' potential claims against third parties without further information relating to the extent of the infringement. Therefore, any refusal to comply with the audit request is merely a rejection of the Defendant's proposal to discuss settlement and conversely, any agreement to comply with the audit request is merely an agreement to enter into settlement negotiations.  BSA

acknowledges that Plaintiff does not have to comply with BSA's <u>requests</u> for an audit and, as is clear from a review of BSA's letters to O'Brien, it never stated otherwise.

Consequently, there is no justiciable controversy, where Defendant agrees with Plaintiff and reiterates for the Court that (1) it did <u>not demand</u> such an audit; (2) it only <u>requested</u> same; (3) it has no legal authority to so "demand"; <u>and</u> (4) it does not assert that Plaintiff has any legal obligation to respond to its requests. Defendant does not now, nor has ever, contended in any way in any communication to Plaintiff that Plaintiff is at present, or at any time in the past, obligated by law, contract or anything else, to respond to Defendant's request for an audit of its software. *See generally Jacob Goodman & Co., Inc. v. New York Telephone Co.*, 309 N.Y. 258, 128 N.E.2d 406 (N.Y. 1955) (holding that there was no justiciable controversy where the court was being asked to declare what the defendants admitted). Quite simply, what is alleged by Plaintiff does not meet the test iterated above of presenting a controversy which is "'definite and concrete'", "'real and substantial'" or admits "'of specific relief through a decree of a conclusive character.'" *New York State Ass'n. of Ins. Agents v Schenck*, 44 A.D.2d 757, 758, 354 N.Y.S.2d 232, 234 (4th Dep't 1974) *quoting Aetna Life Ins.*, 300 U.S. 227. Put simply, there is no dispute.

A complaint setting forth an allegation of a justiciable controversy "is valueless in the absence of supporting factual averments demonstrating the presence of such a controversy." *Rozenweig v. N.Y. State Surrogate's Court*, 44 Misc. 2d 1013, 1014-15, 255 N.Y.S.2d 618, 620 (N.Y. Sup. Ct. 1965). Therefore, where, as here, there is no actual controversy between the parties, there can be no issuance of a Declaratory Judgment by the Court and Plaintiff's Complaint must be dismissed.

**B.    PLAINTIFF'S COMPLAINT ALSO FAILS TO STATE A CAUSE OF ACTION**

Since there is no justiciable controversy between the parties within the meaning of N.Y. C.P.L.R. § 3001, Plaintiff's Complaint also fails to state a cause of action for Declaratory Judgment and, therefore, Plaintiff's Complaint should be dismissed pursuant to N.Y. C.P.L.R. § 3211. *See Vartanian v. Research Found. of State Univ. of N.Y.*, 227 A.D.2d 744, 642 N.Y.S.2d 726 (3d Dep't 1996) (affirming trial court's decision granting defendants' motions to dismiss the declaratory judgment action for failure to state a cause of action); *see also Nasa Auto Supplies, Inc. v. 319 Main St. Corp.*, 133 A.D.2d 265, 519 N.Y.S.2d 54 (2d Dep't 1987) (finding that where the complaint failed to present a justiciable controversy, the complaint failed to state a cause of action for declaratory relief).

**C.    PLAINTIFF'S CLAIM IS MOOT SINCE THERE IS NO GENUINE DISPUTE BETWEEN THE PARTIES**

Where there is no controversy between the parties to be resolved, the plaintiff's claim is moot. *See Becher v. Becher*, 245 A.D.2d 408, 409, 667 N.Y.S.2d 50, 51 (2d Dep't 1997) (finding that where there was no dispute between the parties to be resolved, the matter was moot). As discussed *supra* in Sections III A and B herein above, Defendant does not claim that Plaintiff is required to audit its software installations, which is the very judgment from this Court which the Plaintiff seeks. Therefore, there is no dispute between the parties and the claim is moot. *See Matter of Schulz v. State of N.Y.*, 182 A.D.2d 3, 587 N.Y.S.2d 444 (3d Dep't 1992), *appeal dismissed*, 80 N.Y.2d 924, 602 N.E.2d 1126, 589 N.Y.S.2d 310 (N.Y. 1992), *appeal denied*, 80 N.Y.2d 761, 607 N.E.2d 817, 592 N.Y.S.2d 670 (N.Y. 1992) (finding that the underlying controversy was rendered moot where the event at issue did not take place and there were no present or future plans to organize, promote or sponsor any similar such events and,

therefore, a judicial determination relative to the injunctive or declaratory relief sought would constitute the rendering of an advisory opinion).

**D.     DEFENDANT IS ENTITLED TO COSTS AND ATTORNEYS' FEES <u>AND</u> THE COURT SHOULD IMPOSE ADDITIONAL FINANCIAL SANCTIONS AND ATTORNEYS' FEES AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**

The Court may award costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct. 22 N.Y.C.R.R. § 130-1.1. In addition to awarding costs, the Court may also impose financial sanctions upon any party or attorney in a civil action who engages in frivolous conduct. *Id.* The Court may award costs or impose financial sanctions against both the party to the litigation and the attorney. *Id.* at 130-1.1(b). Conduct is deemed frivolous if:

> (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
> (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
> (3) it asserts material factual statements that are false. *Id.* at 130-1.1(c).

When determining whether conduct is frivolous, the Court shall consider such factors as, "the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, or should have been apparent, or *was brought to the attention of counsel or the party.*" *Id.* (emphasis added).

As discussed *supra* in Section II, Defendant repeatedly (1) explained to Plaintiff through its Counsel, that there was no justiciable controversy between the parties; (2) advised Plaintiff that it did not have to, nor did it have a legal obligation to, perform an audit of its computer systems; (3) gave Plaintiff full and fair opportunity to withdraw the claims without cost

or risk of sanctions; and (4) made clear that sanctions would be sought if Defendant were required to spend money to file a Motion to Dismiss. *See* Exhibits "E", "F" and "H". Nevertheless, Plaintiff, inexplicably, continued to maintain this action.

Since Defendant <u>repeatedly</u> brought to Plaintiff's attention that the relief it sought was completely without merit in law because there was no controversy between the parties, Defendant can only assume that Plaintiff continued this litigation solely in an attempt to harass or maliciously injure Defendant. The Court in *Yenom Corp. v. 155 Wooster St. Inc.* stated that when a Court is considering sanctions against a party or attorney it must consider "whether the alleged frivolous conduct was continued when its lack of merit was or should have been apparent to the party or attorney." 2006 NY Slip Op 5732, 33 A.D.3d 67, 73, 818 N.Y.S.2d 210, 215 (1st Dep't 2006). In the *Yenom* case, the Court noted that the defendants' attorney wrote to plaintiff demanding that the frivolous complaint be withdrawn, but plaintiff rejected the request. *Id.* "Thus, plaintiff's counsel was well aware of the fact that sanctions might be forthcoming if this action was pursued." *Id.* (holding that the plaintiff's appeal was entirely frivolous and awarding costs and attorneys' fees incurred); *see also Mascia v. Maresco*, 2007 NY Slip Op 2906, 39 A.D.3d 504, 833 N.Y.S.2d 207 (2d Dep't 2007) (affirming judgment awarding sanctions where the plaintiff's conduct "in commencing this action and in continuing to advance their claims, 'appears to have been intended primarily to harass the defendant.'"). Just as in *Yenom*, Defendant wrote to Plaintiff requesting the frivolous Complaint be withdrawn where it failed to set forth any facts in support of its claim for Declaratory Judgment which would support a claim of a justiciable controversy between the parties and, just as in *Yenom*, Plaintiff rejected this request. Consequently, Plaintiff's continued pursuit of this meritless action mandates an award

of costs, attorneys' fees, and the imposition of financial sanctions on both Plaintiff and Plaintiff's Counsel.

Although "the decision to continue or discontinue an action is clearly that of the party, counsel, as an officer of the court and consistent with ethical considerations, had an obligation to advise the client as to what was proper and improper." *Vasquez v. Vasquez*, 175 Misc. 2d 847, 854, 670 N.Y.S.2d 740, 744 (N.Y. Sup. Ct. 1998) (awarding financial sanctions against plaintiff and plaintiff's counsel, noting that plaintiff's failure to submit medical proof, without which, as plaintiff had been warned, there was no claim "only re-enforce[d] the finding as to the impropriety underlying the commencement and continuation of this action."). In this case, Plaintiff and Plaintiff's Counsel, continued to pursue a case that is completely without merit in law and consequently their conduct is frivolous within the meaning of 22 N.Y.C.R.R. § 130-1.1. Therefore, this Court should award to Defendant costs and attorneys' fees and impose financial sanctions on both Plaintiff and Plaintiff's Counsel resulting from frivolous conduct. Defendant is willing to provide Affidavits as necessary in support of amounts of costs and fees, should the Court order such an award.

IV.    **CONCLUSION**

   For the foregoing reasons, this action should be dismissed, the Court should award Defendant costs and attorney's fees, and impose financial sanctions on both Plaintiff and Plaintiff's attorney.

Dated:  September 18, 2007

                Respectfully submitted,

                PEPPER HAMILTON LLP
                Kenneth J. King, Esquire
                M. Kelly Tillery, Esquire
                Julia C. Allen, Esquire
                The New York Times Building
                37th Floor
                620 Eighth Avenue
                New York, NY 10170-2399
                (212) 808-2700

                Attorneys for Defendant BSA BUSINESS
                SOFTWARE ALLIANCE, INC., a/k/a
                Business Software Alliance

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
------------------------------------------------------------X
O'BRIEN & GERE LIMITED         :

        Plaintiff,            :

        -against-           :

BUSINESS SOFTWARE ALLIANCE,     :

        Defendant.         :

------------------------------------------------------------X

**Index No.: 07/4999**

**AFFIDAVIT OF KENNETH J. KING IN SUPPORT OF MOTION BY DEFENDANT BUSINESS SOFTWARE ALLIANCE TO DISMISS AND FOR SANCTIONS**

STATE OF NEW YORK    )
                   : SS
COUNTY OF NEW YORK  )

        KENNETH J. KING, being duly sworn according to law, deposes and says:

        1.   I am a Partner with Pepper Hamilton LLP, Counsel for Defendant Business Software Alliance in this action. I am admitted to the Bar of the State of New York, am familiar with the facts of this case and make this Affidavit to present documents to the Court in support of such Defendant's Motion to Dismiss and For Sanctions.

        2.   The document attached as Exhibit "A" to this Affidavit is a true and correct copy of the letter which was sent by Defendant's Counsel, M. Kelly Tillery, Esq., to Plaintiff on June 13, 2007.

        3.   The document attached as Exhibit "B" to this Affidavit is a true and correct copy of the letter which was sent by Plaintiff's Counsel, Frank A. Bersani, Jr., Esq., to M. Kelly Tillery on July 23, 2007.

4.  The document attached as Exhibit "C" to this Affidavit is a true and correct copy of the letter sent by Defendant's Counsel, Julia C. Allen, Esq., to Frank A. Bersani, Jr. on August 3, 2007.

5.  The document attached as Exhibit "D" to this Affidavit is a true and correct copy of the letter sent by Frank A. Bersani, Jr. to Julia C. Allen on August 7, 2007.

6.  The document attached as Exhibit "E" to this Affidavit is a true and correct copy of the letter sent by M. Kelly Tillery to Frank A. Bersani, Jr. on August 16, 2007.

7.  The document attached as Exhibit "F" to this Affidavit is a true and correct copy of the letter sent by M. Kelly Tillery to Frank A. Bersani, Jr. on August 22, 2007.

8.  The document attached as Exhibit "G" to this Affidavit is a true and correct copy of the letter sent by Frank A. Bersani, Jr. to M. Kelly Tillery on August 24, 2007.

9.  The document attached as Exhibit "H" to this Affidavit is a true and correct copy of the letter sent by M. Kelly Tillery to Frank A. Bersani, Jr. on August 27, 2007.

10.  The document attached as Exhibit "I" to this Affidavit is a true and correct copy of the letter sent by Frank A. Bersani, Jr. to M. Kelly Tillery on August 28, 2007.

11.  The foregoing statements are true and correct to the best of my knowledge, information and belief.

_____
KENNETH J. KING

Sworn to and subscribed before me
this 18th day of September, 2007

_____
Notary Public

MARIE A. RAMOS
NOTARY PUBLIC, State of New York
No. 01RA5038297
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Jan. 23, 20__

Exhibit

A

# Pepper Hamilton LLP
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

M. Kelly Tillery
direct dial: 215.981.4401
direct fax: 215.981.4750
tilleryk@pepperlaw.com

June 13, 2007

*Via Overnight Courier*

Mr. Terry L. Brown
CEO and Chairman of the Board
O'Brien & Gere
5000 Brittonfield Parkway
East Syracuse, NY 13057

Re:     Business Software Alliance - OBrien & Gere

Dear Mr. Brown:

This firm represents the Business Software Alliance (the "BSA") in connection with its investigation of possible instances of illegal duplication of certain software companies' proprietary software products. The BSA represents the interests of Adobe Systems Incorporated, Apple Computer, Inc., Autodesk, Inc., Avid Technology, Inc., Bentley Systems Incorporated, Borland Software Corporation, CNC Software, Inc., McAfee, Inc., Microsoft Corporation, Parametric Technology Corporation, Solidworks Corporation, Sybase, Inc., The MathWorks, and UGS Corporation. Through the BSA, these companies work to ensure that organizations are using those computer software products in compliance with federal copyright laws.

We recently have been advised that O'Brien & Gere has installed on its computers more copies of Microsoft Excel, Microsoft Outlook, Microsoft PowerPoint and Microsoft Word software than it is licensed to use.

Unauthorized duplication of computer software products constitutes copyright infringement. The Copyright Act (17 U.S.C. § 101 *et seq.*) provides that copyright owners may recover actual damages or statutory damages. In cases where the infringement is willful statutory damages can reach $150,000 for each copyrighted product that has been infringed. The copyright owner can also seek its attorney's fees.

| Philadelphia | Boston | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington |

www.pepperlaw.com

Pepper Hamilton LLP

Mr. Terry L. Brown
Page 2
June 13, 2007

However, BSA member companies have determined that litigation may not be necessary in this case, especially as senior management may not have had an opportunity to investigate or consider the ramifications of using unlicensed software. The BSA member companies instead wish to resolve this matter amicably by providing O'Brien & Gere with an opportunity to conduct its own company-wide investigation. To take advantage of this opportunity, O'Brien & Gere's investigation must include an audit of all of the software published by BSA members (*see above*) on all of its computers and a review of the software licenses and proofs of purchase for those licenses.

Please understand that while we are contacting you in an effort to avoid litigation, the BSA member companies are not waiving their right to litigate to protect their copyrights if this effort is not successful. If formal action is to be avoided, we must insist that you contact us by **June 26, 2007**. At that time we will provide you with specific guidance on how to conduct your audit.

In addition, please do not destroy or replace any copies of any of the computer software products published by the above-mentioned companies that are currently installed on O'Brien & Gere's computers. The software programs installed on O'Brien & Gere's computers are evidence and therefore must be preserved in case this matter does proceed to litigation. In the meantime, you should not attempt to enter into any negotiations with sales representatives of these companies to purchase computer software products prior to the resolution of this matter. Purchasing or deleting software at this point will not remedy past unauthorized installation or use, will not conclude our investigation, and may prejudice our ability to reach a mutually satisfactory resolution of this matter.

We look forward to your cooperation.

Sincerely,

M. Kelly Tillery

MKT:cj

86621659 v1



# FRANK A. BERSANI, JR.
### ATTORNEY AND COUNSELOR AT LAW

306 SYRACUSE BUILDING
224 HARRISON STREET
SYRACUSE, NEW YORK 13202

TELEPHONE (315) 478-0560
FAX (315) 478-0204
fbersanijr@aol.com

Ryan L. Abel, Associate

July 23, 2007

M. Kelly Tillery, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
Eighteeenth and Arch Streets
Philadelphia, PA 19103-2799

### RE: BUSINESS SOFTWARE ALLIANCE - O'BRIEN & GERE

Dear Mr. Tillery:

Please be advised that I represent O'Brien & Gere in the above matter. This will respond your letter of June 13, 2007 on behalf of BSA in regard to allegations of Software License Infringement by O'Brien & Gere.

The said allegations specifically refer to Microsoft Office products and unauthorized duplication of those products.

In the fall of 2005, O'Brien & Gere responded to a request from Microsoft to discuss Microsoft's Software Asset Management (SAM) program. After the initial conference call/demo, it was determined that the product was not a fit for O'Brien & Gere and a decision was made not to purchase it. It was also noted at that time that O'Brien & Gere is not a "Microsoft shop" but instead uses Novell products for its GroupWare and network/server operating systems. Please note that O'Brien & Gere does not use Microsoft Outlook - it standardizes on Novell GroupWise, a competing product. Subsequently, an audit was determined to be necessary and resulted in months of time and effort spent by IT staff and management of O'Brien & Gere to respond to Mr. Alan Elie of Microsoft.

The main Microsoft application in use by O'Brien & Gere is the Office 97 desktop suite (Word, Excel, PowerPoint), which per the letter dated June 13, 2007 are the products (along with Microsoft Outlook) whose licensing is in question by the BSA on behalf of Microsoft.

The situation concluded toward the end of November 2005, still with a discrepancy between O'Brien & Gere and Microsoft, which relied on pulling together records from several different

M. Kelly Tillery
Page 2
July 23, 2007

resellers that O'Brien & Gere used over the years. In an effort to resolve the situation, O'Brien & Gere purchased 60 licenses of the Office Suite and provided documentation to Microsoft of its licenses. The audit was completed in November 2005 and O'Brien & Gere was vindicated as to the software licensing accusations.

This most recent allegation in your letter is inappropriate and again has forced O'Brien & Gere to waste valuable time auditing software licenses. O'Brien & Gere still to this date does not use Microsoft Outlook and its Licenses of Basic Office 97 are in order. Furthermore, its licenses of other BSA represented products such as Autodesk, Bentley and Adobe are also in order. We find the allegation in your letter most disturbing since O'Brien & Gere was cleared of allegations in this regard only 18 months ago by Microsoft.

We do apologize for not responding to your letter earlier but based on the history set forth herein, we believe you will understand the frustration of my client at having to expend yet further time on this issue. Please contact me with any questions.

Very truly yours,

FRANK A. BERSANI, JR., ESQ.

FABJ/am

cc:    Joseph M. McNulty, CFO



# Pepper Hamilton LLP
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

Julia C. Allen
direct dial: 215.981.4339
direct fax: 215.359.1938
allenjc@pepperlaw.com

August 3, 2007

*Via Email and First Class Mail*

Frank A. Bersani, Jr., Esq.
306 Syracuse Building
224 Harrison Street
Syracuse, NY 13202

Re:     Business Software Alliance - O'Brien & Gere

Dear Mr. Bersani:

I am in receipt of your letter dated July 23, 2007. Thank you for your prompt response. From this point forward, you may direct all future correspondence to my attention.

I appreciate that your client has already conducted an internal audit with Microsoft in the past. Although Microsoft is one of the Business Software Alliance's ("BSA") members, our audit request is separate and distinct from Microsoft and includes companies other than Microsoft, including Adobe Systems Incorporated, Apple Computer, Inc., Autodesk, Inc., Avid Technology, Inc., Bentley Systems Incorporated, Borland Software Corporation, CNC Software, Inc., McAfee, Inc., Parametric Technology Corporation, Solidworks Corporation, Sybase, Inc., The MathWorks, and UGS Corporation. Although we received information that your client had installed on its system more copies of Microsoft software than was authorized, an audit for the BSA is an audit of all software products and fonts published by the software companies whose interests are represented by the BSA, not just Microsoft.

Further, we cannot rely on the results from the Microsoft audit, where that audit occurred almost two years ago and the information received by the BSA is based on current installations, not the installations on your client's computers in 2005.

Finally, the BSA has received what it believes to be credible information regarding your client's compliance status. It is therefore not only BSA's obligation to its

Frank A. Bersani, Jr., Esq.
Page 2
August 3, 2007

members to investigate, but BSA has received specific approval from its members to do so. Based on your representations on behalf of your client, it should not prove to be burdensome for your client to provide the requested information. If your client has already conducted an audit, then the task is partially completed and it only needs to be updated and supplemented with more recent Microsoft documentation and with the licensing documentation of the other software companies represented by BSA.

As you noted in your letter, your client has had software compliance issues in the past. Therefore, it should conduct this audit not only in response to our request, but also as a matter of good business practice.

I look forward to receiving confirmation from you by **August 10, 2007**, that your client intends to fully cooperate in this matter.

Sincerely,

Julia C. Allen

Cc:    M. Kelly Tillery, Esq.



Exp.
D

**FRANK A. BERSANI, JR.**
ATTORNEY AND COUNSELOR AT LAW

306 SYRACUSE BUILDING
224 HARRISON STREET
SYRACUSE, NEW YORK 13202

TELEPHONE (315) 478-0560
FAX (315) 478-0204
fbersanijr@aol.com

Ryan L. Abel, Associate

August 7, 2007

RECEIVED AUG 1 0 2007

Julia C. Allen, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

### RE: BUSINESS SOFTWARE ALLIANCE / O'BRIEN & GERE

Dear Ms. Allen:

Receipt of your letter of August 3, 2007 is acknowledged. Your letter is incorrect that it will not be burdensome for my client to provide updated software licensing and usage information.

You indicate that "the BSA has received what it believes to be credible information regarding your client's compliance status". It seems that at the very least you should be providing my client with disclosure as to that "credible information" before asking my client to undertake the substantial expense of additional software auditing processes.

Rather than defer to your arbitrary demands upon my client, my client would prefer to, and has in fact instructed me to, commence legal action against your client in the State of New York Supreme Court, County of Onondaga, seeking a declaratory judgment that it need not comply with the demands of your client and further seeking the costs of such legal action.

The purpose of this letter is to inquire as to whether your firm wishes to accept service on behalf of your clients or whether we should effect separate service on the thirteen companies comprising BSA. Thank you for your attention to this matter.

Very truly yours,

FRANK A. BERSANI, JR., ESQ.

FABJ/am

**Pepper Hamilton LLP**
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

M. Kelly Tillery
direct dial: 215.981.4401
direct fax: 215.689.1471
tilleryk@pepperlaw.com

August 16, 2007

**BY FACSIMILE, E-MAIL and OVERNIGHT MAIL**

Frank A. Bersani, Jr., Esquire
306 Syracuse Building
224 Harrison Street
Syracuse, NY  13202

> RE:   **O'Brien & Gere Limited v. Business Software Alliance**
> **Supreme Court, State of New York, County of Onondaga**
> <u>**Index No.: 2007-4999**</u>

Dear Mr. Bersani:

This is in response to your letter of August 8, 2007 to my associate, Julia C. Allen, Esquire, which enclosed a Summons and Complaint in the above-captioned matter.

First, we will not accept service of process for the Business Software Alliance.

Second, your Complaint seeks relief with which we do not disagree. We have never contended, nor would we, that your client or you are under any present legal obligation to respond to our inquiries. We requested information and documentation from your client initially directly and then through you when you notified us of your representation by letter dated July 23, 2007. Since that date, we have corresponded only with you.

Third, if you wished to cease all professional correspondence with us regarding this matter, all you had to do was say so. Under such circumstances, since O'Brien & Gere Limited is represented by Counsel, we could not and would not communicate directly with them and, since their Counsel had turned a deaf ear to our professional correspondence, we would not waste our time sending any more.

#8603918 v1

| Philadelphia | Boston | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington |

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

Page 2
August 16, 2007

Under these circumstances, I respectfully request that you dismiss the above-referenced action and provide a copy of the dismissal papers.

If this Complaint is not dismissed and you serve it properly, please understand that our client will have little choice but to move to dismiss same as well as move for attorneys' fees, costs and/or other financial sanctions under 22 NYCRR §130-1.1 as this is a frivolous action. I trust that will not be necessary..

Thank you we look forward to hearing from you.

Sincerely yours,

M. Kelly Tillery
Counsel for Business Software Alliance

MKT:pac
cc:    Julia C. Allen, Esquire
       Kenneth J. King, Esquire (New York Office)





**Pepper Hamilton LLP**
—————— Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

M. Kelly Tillery
direct dial: 215.981.4401
direct fax: 215.689.1471
tilleryk@pepperlaw.com

August 22, 2007

**VIA FACSIMILE to 315.478.0204
and FIRST CLASS MAIL**

Frank A. Bersani, Jr., Esquire
306 Syracuse Building
224 Harrison Street
Syracuse, NY 13202

> RE:   **O'Brien & Gere Limited v. Business Software Alliance
> Supreme Court, State of New York, County of Onondaga
> Index No.: 2007-4999**

Dear Mr. Bersani:

My client informs me that a copy of your Summons and Complaint was delivered to their place of business yesterday. If that constitutes proper service, a response is due on or before September 20, 2007.

This is to give you and your client one last chance to dismiss same as I requested in my letter of August 16, 2007, a copy of which is attached hereto. If we have not received notice that it has been dismissed within five (5) days, that is, by August 29, 2007, we shall have no choice but to move to dismiss and seek sanctions.

I estimate that preparing and filing such Motions will cost approximately $7,500. We will, of necessity, have to ask the Court to order that your client pay those fees and costs (not to mention further sums as sanctions) that it will have required the BSA to expend to dispense with this frivolous Complaint.

#8817043 v.1

| Philadelphia | Boston | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington |

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

Frank A. Bersani, Jr., Esquire
Page 2
August 22, 2007

I trust that you and your client will do the sensible thing and withdraw from this battlefield with grace. Thank you.

Sincerely yours,

M. Kelly Tiller
Counsel for Business Software Alliance

MKT:pac

cc:   Julia C. Allen, Esquire
      Kenneth J. King, Esquire (New York Office)

#8817043 v1



FRANK A. BERSANI, JR.
ATTORNEY AND COUNSELOR AT LAW

306 SYRACUSE BUILDING
224 HARRISON STREET
SYRACUSE, NEW YORK 13202

TELEPHONE (315) 478-0560
FAX (315) 478-0204
fbersanijr@aol.com

Ryan L. Abel, Associate

August 24, 2007

**VIA FACSIMILE & MAIL**

M. Kelly Tillery, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

### RE: O'BRIEN & GERE LIMITED v. BUSINESS SOFTWARE ALLIANCE
### INDEX NO.: 2007-4999

Dear Mr. Tillery:

I have received your letter of August 22, 2007.

The prior letters from your firm to my client and me have indicated that my client is required to cooperate with an investigation your firm is conducting on behalf of your client. The letters have further indicated that you have "credible information" regarding my client's alleged lack of compliance status with software licensing requirements. The letters have indicated that litigation would not be necessary if my client cooperated with your firm's investigation.

Thereafter, the present lawsuit was commenced seeking a declaratory judgment that my client is not obligated to cooperate with any ongoing investigation of your firm and that your client be restrained from similar demands in the future. Thereafter, in your letter of April 16, you indicated "your Complaint seeks relief with which we do not disagree".

In your letter of August 22, 2007, you request that we "dismiss" the complaint. You indicate that a motion to dismiss will be made on behalf of your client.

If you do not disagree with the relief sought in the Complaint, then a Stipulation and Order would be appropriate rather than a dismissal of the Complaint. We do not wish to discontinue the action and then later have an action or a claim brought against my client asserting that it did not provide information to your firm based upon your firm's demand and that my client is liable in some manner as a result. I will prepare and forward a proposed Stipulation and Order.

M. Kelly Tillery, Esq.
Page 2
August 24, 2007

My client has needlessly incurred legal expense in responding to this matter.

Very truly yours,

FRANK A. BERSANI, JR., ESQ.

FABJ/am

Ex.

H

## Pepper Hamilton LLP
Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

M. Kelly Tillery
direct dial: 215.981.4401
direct fax: 215.689.1471
tilleryk@pepperlaw.com

August 27, 2007

**VIA FACSIMILE to 315.478.0204
and FIRST CLASS MAIL**

Frank A. Bersani, Jr., Esquire
306 Syracuse Building
224 Harrison Street
Syracuse, NY 13202

RE:   **O'Brien & Gere Limited v. Business Software Alliance
Supreme Court, State of New York, County of Onondaga
<u>Index No.: 2007-4999</u>**

Dear Mr. Bersani:

Thank you for your letter of August 24, 2007.

You and/or your client have apparently, to some extent, misread and/or misunderstood prior correspondence from my office. Now, it appears that you also misunderstood my last letter and even the "Complaint" that you yourself filed. Neither dismissal of same nor even stipulation to the relief requested therein would, could, and/or should give the new relief which you now seem to desire as set forth in the second sentence of the fifth paragraph of your letter which you suggest be put in a stipulation.

My client will not agree to any such stipulation. Dismissal is the only appropriate course of action where, as here, there is no case or controversy between the parties. Dismiss the Complaint as we requested or we will prepare and file the motions previously referenced on or before September 20, 2007.

Your client has incurred legal expenses only due to its and/or your error in judgment. I trust that you both will reconsider this unwise and meritless course of action which, if it persists, will only end up costing your client more money - unnecessarily.

| Philadelphia | Boston | Washington, D.C. | Detroit | New York | Pittsburgh |
| --- | --- | --- | --- | --- | --- |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington | |

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

      If the Complaint is not dismissed by close of business on Wednesday, August 29, 2007, we will proceed to prepare said Motions. Please understand that once my client is compelled to expend monies to have my firm perform these tasks, it will not withdraw until and unless the matter has been dismissed and all of its legal fees and costs have been reimbursed. I look forward to receiving documentation of the dismissal. Thank you.

      Sincerely yours,

M. Kelly Tillery
Counsel for Business Software Alliance

MKT:pac

cc:    Julia C. Allen, Esquire
      Kenneth J. King, Esquire (New York Office)

Ex.

I

# FRANK A. BERSANI, JR.

### ATTORNEY AND COUNSELOR AT LAW

306 SYRACUSE BUILDING
224 HARRISON STREET
SYRACUSE, NEW YORK 13202

TELEPHONE (315) 478-0560
FAX (315) 478-0204
fbersanijr@aol.com

Ryan L. Abel, Associate

August 28, 2007

**VIA FACSIMILE & MAIL**

M. Kelly Tillery, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

### RE: O'BRIEN & GERE LIMITED v. BUSINESS SOFTWARE ALLIANCE
### INDEX NO.: 2007-4999

Dear Mr. Tillery:

Your letter of August 27, 2007 is acknowledged.

Under New York practice, a "dismissal" of an action only occurs upon Court Order. You are requesting a Discontinuance of this action by my client. That is not appropriate under the circumstances. Should this action be Discontinued, there would be nothing to prevent your firm and/or clients making further demands on my client. This would result in the need on behalf of my client to incur yet additional filing fees for the commencement of a civil action and attorneys' fees in connection therewith. It is our position that the issue in this action needs to be resolved once and for all.

If in fact your client has "credible evidence" of licensing agreement non-compliance by my client, then that will be disclosed in discovery in this action and it will be determined if your firm and/or clients have the right to the information requested from my client. Short of that, we will need a Stipulation and Order to conclude the pending action; otherwise, as previously stated, there would be absolutely no resolution of the pending issue - that being whether my client is obligated now or in the future to respond to demands for information based upon your firm's present indication of "credible evidence" of non-compliance with applicable licensing agreements.

Thank you once again for your attention.

AUG-28-2007  11:34        MANNION                    315 4780204    P.03/03

M. Kelly Tillery, Esq.
Page 2
August 28, 2007

Very truly yours,

FRANK A. BERSANI, JR., ESQ.

FABJ/am

TOTAL P.03

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
----------------------------------------------------------------X

O'BRIEN & GERE LIMITED                              :

              Plaintiff,                    :         Index No.: 07/4999

           -against-                    :        **AFFIDAVIT OF**
                                             :         **SERVICE**

BUSINESS SOFTWARE ALLIANCE,                         :

              Defendant.                    :

----------------------------------------------------------------X

That, on the 18ᵗʰ day of September, 2007, the undersigned caused to be served the within NOTICE OF MOTION, MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND FOR SANCTIONS, and AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS by Federal Express overnight delivery upon:

        Frank A. Bersani, Jr., Esq.
        224 Harrison Street
        306 Syracuse Building
        Syracuse, New York 13202

the address having been designated by said attorney for that purpose, by depositing a true copy of same, securely enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the Federal Express.

                                Kenneth J. King, Esq.

Sworn to before me this
18 day of September, 2007

Notary Public

MARIE A. RAMOS
NOTARY PUBLIC, State of New York
No. 01RA5038297
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Jan. 23, 20 11