UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

O'BRIEN & GERE LIMITED,

      Plaintiff,

v.           5:07 - CV - 1174 (NPM / GJD)

BUSINESS SOFTWARE ALLIANCE,

      Defendant.

_____

| APPEARANCES | OF COUNSEL |
|---|---|
| OFFICE OF FRANK A. BERSANI<br>Attorney for Plaintiff<br>308 Syracuse Building<br>224 Harrison Street<br>Syracuse, NY   13202 | FRANK A. BERSANI, ESQ. |
| PEPPER HAMILTON LTD.<br>Attorneys for Defendant<br>Philadelphia Office<br>3000 Two Logan Square<br>Philadelphia, PA   19103 | JULIA C. ALLEN, ESQ.<br>M. KELLY TILLERY, ESQ. |
| PEPPER HAMILTON LTD<br>Attorneys for Defendant<br>New York Office<br>620 Eighth Avenue, 37th Floor<br>New York, NY   10018 | KENNETH J. KING, ESQ.<br>SAMUEL J. ABATE, JR., ESQ. |

NEAL P. McCURN, Senior District Court Judge

MEMORANDUM-DECISION AND ORDER

This is an action arising from a complaint filed on August 8, 2007 by the plaintiff O'Brien & Gere Limited ("OBG") in the Supreme Court of the State of New York. OBG was seeking a declaratory judgment from that court holding that OBG need not respond to the demands of the defendant Business Software Alliance ("BSA"). BSA's alleged demands entailed a requirement that OBG conduct an audit of all of the software published by BSA's member organizations on all of OBG's computers, and for OBG to review the software licenses and proofs of purchase for those licenses. BSA removed the action to this court on November 5, 2007 pursuant to 28 U.S.C. § 1331. Currently before the court is BSA's motion to dismiss OBG's complaint (Doc. No. 6) and OBG's cross motion to remand this action to the state court (Doc. No. 13). For the reasons set for the below, OBG's motion to remand will be granted and BSA's motion to dismiss will be denied as moot.

I.   FACTS

The following facts are presumed true for the purpose of the motion to remand. O'Brien & Gere Limited is a corporation organized and existing pursuant to the laws of the State of New York with a principal place for the transaction of business located in Onondaga County. BSA is a business entity organized and

existing in a foreign state but transacting business within the State of New York.[1] (Doc. No. 1 (Complaint at 1)). OBG is an engineering firm employing approximately eight hundred professionals and much of its work is computer program based. In 2004 and 2005, OBG incurred costs in the tens of thousands of dollars to demonstrate to Microsoft that OBG's software usage was in conformance with Microsoft's licensing requirements. (Doc. No. 1-3 at 2).

This case is based entirely on a series of letters between the parties, and initiated by BSA. On June 13, 2007, attorneys for BSA sent a letter to OBG stating that "[w]e have recently been advised that O'Brien & Gere has installed on its computers more copies of Microsoft Excel, Microsoft Outlook, Microsoft PowerPoint and Microsoft Word software than it is licensed to use." Id., (citing the June 13, 2007 letter from Pepper Hamilton LLP Law Firm to OBG). (Doc. No. 6-4). In that letter, BSA purports to represent the interests of fourteen[2] software companies. "Through BSA, these companies work to ensure that organizations are using those computer software products in compliance with federal copyright

---

[1] On its website, BSA represents itself as having "programs in more than 80 countries." See http://www.bsa.org .

[2] BSA currently lists 27 members. See  http://www.bsa.org  .

laws."[3]

In its strongly worded letter of June 13, 2007, BSA gave OBG an "opportunity" to avoid litigation for its alleged use of unlicensed software by "providing O'Brien & Gere with an opportunity to conduct its own company-wide investigation," and "[t]o take advantage of this opportunity, O'Brien & Gere's investigation **must** include an audit of all the software published by BSA members ... on all of its computers and a review of the software licenses and proofs of purchases for those licenses." (emphasis added). The letter further stated that "[i]f formal action is to be avoided, we must insist that you contact us by June 26, 2007. At that time we will provide you with specific guidance on how to conduct your audit." (Doc. No. 6-4).

Subsequent letters between the parties offered no resolution, and OBG filed this declaratory action in state court on August 8, 2007. On August 16, 2007, BSA's counsel sent a letter to counsel for OBG stating, inter alia, that Pepper Hamilton LLP "will not accept service of process for the Business Software Alliance," and that "if you wished to cease all professional correspondence with us

---

[3] BSA offers confidential reporting of "an organization using pirated software on its own computers ... offering Rewards of up to $1,000,000 for qualifying reports." See https://reporting.bsa.org/usa/enduser/edit.aspx .

in this matter, all you had to do was say so." BSA counsel stated that "[w]e have never contended, nor would we, that your client or you are under any present legal obligation to respond to our inquiries." (Doc. No. 6-16).  On August 22, 2007, counsel for BSA gave OBG "one last chance to dismiss [the action] ... If we have not received notice that it has been dismissed within five (5) days ... we shall have no choice but to move to dismiss and seek sanctions." BSA counsel estimated that preparing and filing said motions would cost approximately $7,500, and that they would seek further sums for sanctions pursuant to BSA having to defend "this frivolous Complaint." (Doc. No. 6-17).

In a letter dated August 24, 2007, in response to BSA's request for dismissal of the complaint, counsel for OBG stated that "[i]f you do not disagree with the relief sought in the Complaint, then a Stipulation and Order would be appropriate rather than a dismissal of the Complaint.  We do not wish to discontinue the action and then later have an action or a claim brought against my client asserting that it did not provide information to your firm based upon your firm's demand and that my client is liable in some manner as a result." (Doc. No. 6-18).  BSA would not agree to stipulation of dismissal. (Doc. No. 6-19).

A hearing was held on October 11, 2007 in the Supreme Court of the State of New York, County of Onondaga, before Justice James P. Murphy on BSA's

motion to dismiss. (Doc. No. 1-5). The motion was denied on the basis that BSA neglected to annex a copy of the complaint to its moving papers in violation of state court procedure. Id.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (West 2008). "Absent diversity of citizenship, federal question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). "Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Id., n.4 (citing 28 U.S.C. § 1331).

It is well-settled law that unless the balance of law is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839 (1947). On a motion to remand, the court

construes all factual allegations in favor of the party seeking the remand. Connecticut Resources Recovery Act v. Lay, 292 B.R. 464, 469-70 (D. Conn. 2003).  Consequently, "[i]n determining whether remand is appropriate, [a] court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Laughlin v. Prudential Insurance Co., 882 F.2d 187, 190 (5th Cir. 1989).  The removing party bears the burden of showing that the removal was proper.  This burden extends to demonstrating the jurisdictional basis for removal. California Public Employees' Retirement System v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).

    A.    Timely Removal

As a threshold matter, this court looks to the removal date of November 5, 2007 to determine if removal was proper, and whether the court has jurisdiction over this matter.  The time for removal is set forth in 28 U.S.C.A. 1446 which states that

> b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b) (West 2008).

In this action, OBG filed its state action on August 8, 2007. BSA does not dispute that it received a copy of the complaint, rather, BSA chose to defend this action in the state court by filing a motion to dismiss the complaint on its merits. (Doc. 13-2). In addition, BSA failed to file its notice of removal within the thirty day time period as set forth above.

BSA now comes before the court arguing that pursuant to the "other paper" exception to the thirty day filing requirement in § 1446(b), Justice Murphy's comment in the state court hearing that OBG was "seeking a declaratory judgment of copyright non-infringement" first put BSA on notice that this case involved a copyright issue. BSA then removed to this court by virtue of this court's "Exclusive Jurisdiction over Copyright cases as provided in Title 28 U.S.C. § 1331 and § 1338," but only after it had received a copy of the transcript of the state court hearing on October 12, 2007. (Doc. No. 1 at 3).

8

The court finds BSA's argument that the transcript constitutes an "other paper" making its removal timely under § 1446(b) is unavailing.  BSA is a business entity whose livelihood depends entirely on policing the software industry for pirating, which is a violation of copyright law.  BSA alleged in one or more of its letters to OBG that OBG was in fact pirating software in violation of the copyright interests of the company or companies BSA represents.  The court finds that BSA's claim (that the state court judge's comment put it on notice that OBG's action was a copyright issue) is disingenuous.  Accordingly, the court does not find that the state court transcript was an "other paper" which justified timely filing of a notice of removal in this action pursuant to § 1446(b).   Considering the materials before it, the complaint, the letters between the parties, the state court record and subsequent filings in federal court, this court finds that BSA was cognizant from the beginning that this was a copyright case, yet chose to defend the action in state court.  The court therefore finds it appropriate to apply the thirty day limitation from the date on which BSA was served with the complaint.  Accordingly, BSA clearly missed the thirty day deadline imposed by § 1446(b).  Because the filing of BSA's notice of removal was untimely, this court has no federal question jurisdiction over the present action pursuant to 28 U.S.C. § 1331, and therefore will not consider BSA's motion to dismiss.

### III.  CONCLUSION

For the reasons set forth above, OBG's cross motion to remand (Doc. No. 13) is hereby GRANTED and BSA's motion to dismiss (Doc. No. 6) is hereby DENIED AS MOOT.

SO ORDERED.

January 30, 2008

_____
Neal P. McCurn
Senior U.S. District Judge