UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

O'BRIEN & GERE LIMITED,

      Plaintiff,

v.            5:07 - CV - 1174 (NPM / GJD)

BUSINESS SOFTWARE ALLIANCE,

      Defendant.
_____

APPEARANCES         OF COUNSEL


OFFICE OF FRANK A. BERSANI   FRANK A. BERSANI, ESQ.
Attorney for Plaintiff
308 Syracuse Building
224 Harrison Street
Syracuse, NY  13202

PEPPER HAMILTON LTD.     JULIA C. ALLEN, ESQ.
Attorneys for Defendant      M. KELLY TILLERY, ESQ.
Philadelphia Office
3000 Two Logan Square
Philadelphia, PA  19103

PEPPER HAMILTON LTD     KENNETH J. KING, ESQ.
Attorneys for Defendant      SAMUEL J. ABATE, JR., ESQ.
New York Office
620 Eighth Avenue, 37th Floor
New York, NY  10018


NEAL P. McCURN, Senior District Court Judge

MEMORANDUM-DECISION AND ORDER

On January 30, 2008, this court granted plaintiff O'Brien & Gere Limited's ("OBG") motion to remand this action to the state court where it was commenced. Defendant Business Software Alliance ("BSA") now comes before the court with a motion to stay the remand order and for reconsideration. (Doc. No. 23). Although BSA's motion does not state under which of the Federal Rules it is drafted, because BSA asserts that the court's decision was reached in error, the court construes BSA's motion for reconsideration as being made pursuant to Fed. R. Civ. P. Rule 60(b)(1).

The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. See Devlin v. Transportation Communications International Union, 175 F.3d 121, 132 (2d Cir.1999). "A motion for reconsideration may be granted upon one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Shannon v. Verizon New York, Inc., 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir.1983). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX

Transportation, Inc., 70 F.3d 255, 257 (2d Cir.1995).  Relief under Rule 60(b) is "extraordinary" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986).  "A motion seeking such relief is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused." Id.

The court assumes familiarity with the facts of this case from the court's recent decision and order. (Doc. No. 22). In its motion for reconsideration, BSA asserts that "the Decision of Your Honor appears to assume that the complaint arises under the Copyright Act, but does not conduct the Second Circuit-required T.B. Harms analysis of the complaint." Id. at 5 (emphasis in original).  As a threshold issue, the court notes that BSA's assumption is in error.  After further review of its decision and order, the court does not conclude that the matter arises under the Copyright Act, and on this point is in agreement with counsel for BSA and OBG.[1] (Doc. No. 23 at 5).  Therefore, neither the T.B. Harms analysis or the Schoenberg test was applicable in the case at bar.

---

[1]   In reviewing its decision and order, the court finds that, on page nine, it should have used the phrase "this case involved a copyright issue" instead of the phrase "BSA was cognizant ... that this was a copyright case." The court used said language because BSA could have chosen to bring this action in federal court under the Copyright Act, instead of the course of action it took, i.e., confronting OBG with its pirating allegations via letter.

In its January 30, 2008 decision, the court found that BSA's notice of removal was untimely, and thus granted OBG's cross motion to remand, rendering moot BSA's motion to dismiss. The court reiterates that there is no federal question pursuant to 28 U.S.C. § 1331, hence, the court has no original jurisdiction over this matter.

Accordingly, BSA's motion to reconsider is GRANTED, and upon reconsideration, the court adheres to its earlier decision. BSA's motion to stay the remand order is hereby DENIED.

SO ORDERED.

February 25, 2008

_____
Neal P. McCurn
Senior U.S. District Judge